UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LOUIS MARTINEZ,

               Plaintiff,                     **COMPLAINT**

    -against-                        Jury Trial Demanded
                                       On All Issues
CRP SANITATION, INC., RONALD CARBONE,
RICHARD CARBONE, and GARY CARBONE,       Index No.:

               Defendant.
-------------------------------------------------------------------X

**NATURE OF ACTION**

1. Plaintiff, Louis Martinez (hereinafter "Plaintiff" or "Martinez") alleges that Defendants, CRP Sanitation, Inc. (hereinafter "Defendant" or "CRP") Ronald Carbone, Richard Carbone and Gary Carbone, violated the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, for failure to pay him overtime premium pay for all hours worked in excess of forty (40) per week and acted in a manner that was willful and without good faith.

2. Plaintiff further alleges that Defendants' failure to pay compensation for all hours worked was made with reckless disregard for Plaintiff's rights and in violation of the New York Labor Law ("NYLL") section 650 *et seq.*, including Part 142, section 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

3.  Plaintiff also alleges that Defendants breached the terms of the contract of employment with Plaintiff in terminating his employment in violation of said contract and engaged in an unlawful discharge of Plaintiff's employment.

## JURISDICTION AND VENUE

4.  This Court's jurisdiction is based upon 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (Federal Question). Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those derive from a common nucleus of operative facts. In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5.   Venue is appropriate under 28 U.S.C. §1391(b)(2) (Substantial Part of the Events and Contacts), as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district. In addition, Defendants regularly conduct business in this district and are subject to personal jurisdiction in this district.

## PARTIES

6.  Plaintiff, Louis Martinez (hereinafter "Plaintiff" or "Martinez"), is a resident of Poughkeepsie, New York. he was employed as a driver and Swing Man collecting garbage for incineration or dump for the Defendants from January of 2018 until on or about August 13, 2021 when he was terminated.

7.  The Defendant, CRP Sanitation, Inc. (hereinafter "Defendant" or "CRP") is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

2

8.  Upon information and belief, CRP maintains a place of business located at 2 Bayview Road, Cortlandt, New York 10567.

9.  Upon information and belief, Defendant Ronald Carbone, is an individual residing in the State of New York.

10. At all relevant times Defendant Ronald Carbone was and still is a corporate officer of CRP. Upon information and belief, at all times relevant, Ronald Carbone exercised operational control over CRP, controlled significant business functions of CRP, determined employee salaries, made hiring decisions, and acted on behalf and in the interest of CRP in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Ronald Carbone has been an employer under the FLSA and New York Wage and Hour law.

11. Upon information and belief, Defendant Richard Carbone, is an individual residing in the State of New York.

12. At all relevant times Defendant Richard Carbone was and still is a corporate officer of CRP. Upon information and belief, at all times relevant, Richard Carbone exercised operational control over CRP, controlled significant business functions of CRP, determined employee salaries, made hiring decisions, and acted on behalf and in the interest of CRP in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Richard Carbone has been an employer under the FLSA and New York Wage and Hour law.

13. Upon information and belief, Defendant Gary Carbone, is an individual residing in the State of New York.

14. At all relevant times Defendant Gary Carbone was and still is a corporate officer of CRP. Upon information and belief, at all times relevant, Gary Carbone exercised operational control over CRP, controlled significant business functions of CRP, determined employee salaries, made hiring decisions, and acted on behalf and in the interest of CRP in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, GaryCarbone has been an employer under the FLSA and New York Wage and Hour law.

## FACTS

15. Plaintiff's primary job duties included collecting worthless garbage and driving Sanitation trucks, including a Rear Load Packer truck, in New York State for dumping or incineration.

16. On or about August 7, 2020, Plaintiff received a pay raise and salary of $106,040 while continuing in the role of Swing Man and driver of worthless garbage.

17. During his employment, Plaintiff regularly worked in excess of 60 hours per week.

18. Since August 7, 2020, CRP and the Carbone Defendants, have failed and refused to pay Plaintiff overtime for all hours worked over 40 per week since August 7, 2020.

19. This willful failure and refusal to pay Plaintiff any overtime since August 7, 2020 violates the FLSA and the New York Labor Law.

20. For said violations, Plaintiff is entitled to the overtime owed plus liquidated damages as well as attorneys' fees and costs.

21. During his employment, Plaintiff typically worked six (6) days a week.

22. Plaintiff was always paid by check each week.

23. While Plaintiff regularly worked in excess of sixty (60) hours per week, he was only compensated for working forty (40) hours each week. Thus, Plaintiff was not paid for every hour that he worked.

24. Plaintiff was paid straight time for each hour that he worked each week, up to forty (40) hours.

25. Plaintiff was never paid one and a half times his regular rate of pay when he worked more than forty (40) hours each week after August 7, 2020.

26. Plaintiff was not compensated for all hours worked in excess of forty (40) each week.

27. Defendants managed Plaintiff's employment, including the amount of overtime worked.

28. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

29. After August 7, 2020 the Defendants did not have Plaintiff record his time in any way. Defendants did not allow for a time report to be printed for the Plaintiff after August 7, 2020.

30. Upon information and belief, the Defendants have failed to keep accurate time records of the hours that the Plaintiff worked each day and each week during his employment.

31. Plaintiff was not exempt from the overtime provisions of the FLSA or any applicable state laws.

32. Defendants were aware of Plaintiff's work hours, but failed to pay Plaintiff the full amount of wages to which he was entitled for this work time under the law.

33. Defendants' failure to pay proper wages in a timely manner were made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

34. Mr. Martinez's career with CRP had progressed with increases in wages until he severely injured his ankle on April 29, 2021 and was out for three weeks, returning before he was medically cleared to return due to his dedication to the job.

35. Despite the fact Mr. Martinez promptly reported his Workers Compensation injury, CRP failed and refused to file the necessary paperwork with the NYS Workers Compensation. Instead, CRP coerced Mr. Martinez not to file saying it would pay his full salary until he recovered and pay for all his medical bills incurred.

36. To date, Mr. Martinez has over $2,510.61 in medical bills that CRP has not reimbursed him for and has cut off his salary by terminating him.

37. Approximately August 9, 2021, Mr. Martinez was summoned to a meeting with his immediate supervisor, Richie Carbone, Jr., and RJ Carbone, a person who has no supervisory authority over Mr. Martinez but is the son of Ronald Carbone, one of the co-owners of CRP.

38. At this meeting, which Mr. Martinez had been led to believe was about his job assignment and progression in the company,

39. Mr. Martinez was brow-beaten and falsely accused of not completing his assignments. When pressed on the issue, neither of the supervisors present could point to a single instance where Mr. Martinez did not complete his assignment.

40. Mr. Martinez was then told that he would no longer be on salary, that he was being reduced to an hourly employee.

41. Mr. Martinez advised Richie Carbone, Jr. and RJ Carbone that he would not accept this unwarranted action and would meet with the two owners who had negotiated and signed

off on the contract increasing his salary in August of 2020.  That meeting did not come to pass, as they failed to meet with Mr. Martinez despite promises to do so.

42. Instead, on the day of Mr. Martinez's son's surgery, August 13, 2021, the Defendants sent Mr. Martinez a text advising him that he was fired.

43. Not only was this a callous action to take while Mr. Martinez was waiting for his son to come out of surgery, it was absolutely unlawful and a violation of the contract the Defendants entered into with Mr. Martinez as well as a violation of Defendants' own Company Handbook.

44. The CRP Company Handbook, page 7 states, in relevant part, "Drivers that are involved in an incident that is deemed to be the drivers (sic) error, may be placed into 'Probationary Status' by their immediate supervisor.  Terms of 'Probationary Status' will be explained to employee by his immediate supervisor."

45. At no time was Mr. Martinez advised that he was involved in an "incident" that was deemed to be the driver's error.  Even if he was so involved, he had never been placed into a Probationary Status as required by the Handbook, nor did he ever have a Probationary Status explained to him by his immediate supervisor.

46. Hence, Defendants failed to follow the required  procedure for Mr. Martinez as required by Defendants' Handbook.

47. Further, CRP failed to follow the required penalties procedure under the Handbook in its dealings with Mr. Martinez.  The CRP Handbook, at page 8 states, in relevant part:

    a. "Penalties

    b. Handbook is 1st warning

    c.  1st offense….. 1 PTO (Paid Time Off) day revoked, if not PTO days left, 1 unpaid day home

    d.  2nd offense penalty is immediate termination or Employee may enter probationary employee statue (sic) subject to the terms by his supervisor."

48. In Mr. Martinez's case, CRP failed to follow this procedure.  He wasn't given a Handbook as a 1st warning for any actions by him, whether an accident, time off, time worked or any other matter.

49. Mr. Martinez also wasn't docked either a PTO or a day's suspension for a "first offense".

50. Mr. Martinez was also never placed in a Probationary  status as required under the Handbook.

51. Instead, Mr. Martinez, with absolutely no warning whatsoever, was summarily terminated without reason or justification.

52. He was thus wrongfully terminated and in breach of the contract spelled out in the Company Handbook.

53. The termination was a clear violation of the CRP Company Handbook's required procedure for disciplinary actions.

54. The termination was thus a legal nullity and Mr. Martinez is entitled to compensation for Defendants' actions.

55. The termination of Mr. Martinez was also a violation of the agreement reached on or about August 7, 2020 guaranteeing Mr. Martinez an annual salary of $106,080.

56. His termination violated the agreement to continue his employment at $106,080 per year. Mr. Martinez was terminated without cause and without following the required procedure of the Company Handbook and thus created yet another breach by Defendants.

57. Due to CRP's overt violations of the FLSA and NY Labor Law as well as the breach of contract actions as summarized above, Plaintiff has lost his income, his career and continues to suffer from severe emotional distress.

i.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. 201 ET SEQ.
## FAILURE TO COMPENSATE OVERTIME

58. Plaintiff reasserts and realleges the allegations set forth in paragraphs 1 through 57 as though fully set forth herein.

59. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

60. At all times relevant to this Complaint, the corporate Defendant has been and continues to be an "employer" within the meaning of the FLSA (29 U.S.C. § 207(a)(2)).

61. At all times relevant to this Complaint, the corporate Defendant has "employed" Plaintiff, suffering or permitting him to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

62. At all times relevant to this Complaint, corporate Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA (29 U.S.C. § 203(s)).

63. Upon information and belief, the gross annual volume of sales made or business done by the corporate Defendant for the years 2020-2022 was not less than $500,000.00 per year.

64. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

65. Section § 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

66. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

67. Defendants' failures to pay required overtime wages to Plaintiff for such work violates the FLSA (29 U.S.C. § 207).

68. Defendants' repeated and intentional failures to provide required compensation for all hours worked by Plaintiff were not made in good faith within the meaning of the FLSA (29 U.S.C. § 260).

69. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR ARTICLE 6 AND 19<br>FAILURE TO PAY OVERTIME UNDER NEW YORK LABOR LAW</u>

70. Plaintiff reasserts and realleges the allegations set forth in paragraphs 1 through 69 as though fully set forth herein.

71. At all times relevant to this Complaint, Defendants were an "employer" of Plaintiff within the meaning of the NYLL and the regulations pertaining thereto.

72. At all times relevant to this Complaint, Plaintiff was an "employee" of Defendants within the meaning of the NYLL and the regulations pertaining thereto.

73. At all times relevant to this Complaint, Defendants employed Plaintiff suffering or permitting him to work within the meaning of the NYLL and the regulations pertaining thereto.

74. Under New York law, an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR 142-2.2.

75. Defendants failed to pay Plaintiff one and one half times his regular rate for all such work hours in excess of forty (40) hours per workweek, in violation of the NYLL and the regulations pertaining thereto.

76. Such failures constituted outrageous conduct, make knowingly and willfully, or with reckless indifference to Plaintiff's rights.

77. As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.


**COUNT III**
**BREACH OF CONTRACT**

78. Plaintiff reasserts and realleges the allegations set forth in paragraphs 1 through 77 as though fully set forth herein.

79. Plaintiff had a written contract of employment with the Defendants.

80. Also, Defendants' Employee Handbook constitutes a contract of employment.

81. The Employee Handbook sets forth a specific procedure to bed followed prior to terminating an employee.

82. Defendants failed to follow the mandatory procedure for disciplining an employee with regard to the Plaintiff.

83. Defendants' termination of Plaintiff's employment violated the terms of the Employee Handbook and of the specific contract of employment with Plaintiff guaranteeing him a salary of $106,040.

84. In addition, Mr. Martinez is entitled to payment for all of his accrued vacation time, personal time, and sick leave time.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, the Law Offices of Louis D. Stober, Jr., LLC, respectfully requests that this Court

a. Declare and find that the Defendants committed one or more of the following acts:

    a. Violated provisions of the FLSA by failing to pay overtime compensation to Plaintiff;

    b. Willfully violated overtime provisions of the FLSA;

    c. Violated the provisions of the NYLL by failing to pay overtime compensation to Plaintiff;

    d. Willfully violated the overtime requirements of the NYLL

b. Award compensatory damages, including overtime compensation owed, in an amount according to proof;

c. Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

d.  Award all costs, attorneys' fees incurred in prosecuting this action as well as liquidated

damages under the FLSA and NYLL;

e.  Order full back pay and all other emoluments of employment owed to Plaintiff for

Defendants' breach of its employment contract with Plaintiff; including vacation,

personal, and sick leave; and

f.  Provide such further relief as the Court deems just and equitable.


Dated: Mineola, New York
April 15, 2022

*/s/ Louis D. Stober, Jr.*
Law Offices of Louis D. Stober, Jr., LLC
By: Louis D. Stober, Jr.
Attorneys for the Plaintiff
98 Front Street
Mineola, New York 11501
(516) 742-6546

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
**LOUIS MARTINEZ,**

|  |  |
|---|---|
| **Plaintiff,** | **COMPLAINT** |
| -against- | **Jury Trial Demanded On All Issues** |
| **CRP SANITATION, INC., RONALD CARBONE, RICHARD CARBONE, and GARY CARBONE,** | **Index No.:** |
| **Defendant.** |  |

-----------------------------------------------------------------------X

---

**COMPLAINT**

---

**Law Office of**
**LOUIS D. STOBER, JR., LLC**
**Attorneys for Plaintiff**
**98 Front Street**
**Mineola, New York 11501**
**(516) 742-6546**
**(516) 742-8603 fax**